THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| PEDRO EMMANUEL JACQUES,<br><br>      Petitioner,<br><br>v.<br><br>DALLAS EARNSHAW,<br><br>      Respondent. | **MEMORANDUM DECISION<br>& ORDER TO SHOW CAUSE<br>REGARDING DENIAL OF<br>HABEAS-CORPUS PETITION**<br><br>Case No. 2:25-cv-00250-DBB<br><br>District Judge David Barlow |

  Petitioner Pedro Emmanuel Jacques, confined at Utah State Hospital (USH), filed this federal habeas-corpus petition under 28 U.S.C.S. § 2241 (2025). (ECF No. 1.)

  Section 2241 reads in pertinent part: "The Writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2241(c)(3) (2025). "[A] § 2241 action . . . is not challenging prison conditions, it is challenging an action affecting the fact or duration of the petitioner's custody," and thus qualifies as a habeas-corpus proceeding. *McIntosh v. United States*, 115 F.3d 809, 812 (10th Cir. 1997).

  Petitioner attacks his detainment after a finding that he was "incompetent to proceed in criminal case." (ECF No. 1.) The petition never once mentions the United States Constitution, let alone states a cause of action under the Constitution. (*Id.*) In their entirety, these are the two grounds upon which Petitioner seeks release from custody: Ground One, which states, "I don't have any mental health problem[;] I understand my charge. . . . [A]t the jail the P.D. persecuted me in the street to the police persecuted me to [cop] arrested me we have to understand me they read my mind I don't have any mental health problem." (*Id.*) And Ground Two, which states,

> Because I'm not paranormal I don't need to be here at this hospital[. I]n Utah the Mormon Church worship Satan (Lucifer)[;] that is why they make me suffer[.] God used me to talk to them spiritually[. P]lease I'm suffer[;] I'm not crazy[.] Can someone understand me[? P]olice keep stealing all my revelation God give me[. P]olice Orem, Provo, Springville steal all my properties[. N]ow they said I have problem mental health issue[.] I'm support I want to stop that for real[.] I need justice[. U]nderstand Mormon church worship Satan[;] God used me as a key to talk to them.

(*Id.*)

## SCREENING ANALYSIS

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. 4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts.[1] Indeed, "it is well established that '[the] district court [may] dismiss summarily [a] petition on the merits when no claim for relief is stated.'" *Whitmore v. Parker*, 484 F. App'x 227, 232 (10th Cir. 2012) (alterations in original) (citations and quotation marks omitted). And, "precedent allows a district court to recognize affirmative defenses *sua sponte* in the habeas context." *In re McCormick*, No. 11-3071, 2011 U.S. App. LEXIS 20172, at *8 (10th Cir. Apr. 19, 2011). After all, "habeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside." *United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) (citing *Day v. McDonough*, 547 U.S. 198, 202 (2006)).

The United States Supreme Court has observed that federal district courts have inherent authority to dismiss a frivolous case. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307–

---

[1] "The Rules Governing Section 2254 Cases . . . may be applied to habeas-corpus actions filed under § 2241." *Brooks v. Hanson*, 763 F. App'x 750, 752 n.1 (10th Cir. 2019) (unpublished) (citing R. 1(b), Rs. Governing § 2254 Cases in the U.S. Dist. Cts.); *see also Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010) ("Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states a 'district court may apply any or all of these rules to a habeas corpus petition' that is not a 28 U.S.C. § 2254 application. We have upheld the application of these rules to § 2241 applications . . . .").

2

08 (1989) ("Section 1915(d) ... authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *see also Hagans v. Lavine*, 415 U.S. 528, 536–537 (1974) (holding federal district courts may dismiss claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"). While *pro se* litigant's pleadings are construed liberally, the fact that Petitioner proceeds *pro se* does not shield Petitioner from dismissal for frivolousness. *Freeman v. Davis*, 414 F. App'x 163, 165 (10th Cir. 2011) (unpublished).

A claim "is frivolous if it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating legal frivolousness includes both "inarguable legal conclusion[s]" and "fanciful factual allegation[s]"); *see Mallett v. United States*, 721 F. App'x 836, 865 (10th Cir. 2018) (unpublished) (frivolous habeas-corpus petition); *Branch v. Crowther*, 708 F. App'x 963, 965 (10th Cir. 2018) (frivolous 2254 petition). "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted). The initial pleading here is subject to review pursuant to the inherent authority of this Court to ensure that that the case is not frivolous--i.e., involving "delusional and factually frivolous" allegations and resting on "an indisputedly meritless legal theory." *Mallett v. United States*, 721 F. App'x 836, 837 (10th Cir. 2018) (unpublished) (quotation marks omitted).

Petitioner's initial pleading satisfies these criteria. His arguments are intrinsically delusional and indisputably meritless. It is fantastical for Petitioner to assert that authorities are, among other things, reading his mind and that he is being used by a god "to talk to [authorities] spiritually." (ECF No. 1.) His claims are thus proposed for dismissal.

Other reasons why these novel allegations fail to state a claim, in this federal habeas case, are that they do not attack the constitutionality of Petitioner's civil-commitment process and period of confinement or the execution of his period of confinement. The only part of Petitioner's petition that is habeas-based is his requested remedy of release from custody. However, his allegations generally do not form the basis of legal claims under the United States Constitution that would lead to his release from custody. *See* 28 U.S.C.S. § 2241(c)(3) (2025); *McIntosh*, 115 F.3d at 811.

In sum, having carefully considered all relevant documents and law, the Court concludes that Petitioner's initial pleading is frivolous and does not surmount the federal habeas standard of review. The Court therefore proposes to deny the petition.

## CONCLUSION

Petitioner's claims are frivolous and do not meet the federal habeas standard for relief: That his civil commitment was ordered and executed in violation of the United States Constitution.

**IT IS THEREFORE ORDERED** that within thirty days Petitioner must **SHOW CAUSE** why the petition for writ of habeas corpus and certificate of appealability should not be denied.

DATED this 9th day of September, 2025.

BY THE COURT:

_____
JUDGE DAVID BARLOW
United States District Court

4